UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEROME WHITFIELD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-24-CV-82-HJB |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 13.) For the reasons set out below, Defendant's motion (Docket Entry 13) is **GRANTED**.

Defendant's motion is filed under Federal Rule of Civil Procedure 12(b)(6), which requires dismissal when a complaint fails to state a claim upon which relief may be granted. Before addressing that motion, however, the Court must first consider its subject matter jurisdiction in this case. *See In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 533 (5th Cir. 2022) ("Jurisdiction comes first."); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("[S]ua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction") (citing FED. R. CIV. P. 12(h)(3)). Dismissal for lack of subject matter jurisdiction should be ordered "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Here, Plaintiff purports to raise state-law claims for breach of contract and breach of fiduciary duty. As such claims do not raise a federal question under 28 U.S.C. § 1331,[1] the Court would have original jurisdiction only if the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff's Amended Complaint alleges that both he and Defendant are citizens of Texas, as it asserts Defendant was incorporated under Texas law. (Docket Entry 7, at 3.) *See* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, corporate party is citizen of every state in which it has been incorporated). The Amended Complaint may be inaccurate, however: in a subsequent joint filing, the parties asserted there are no outstanding jurisdictional issues in the case. (Docket Entry 14, at 2.) In such circumstances, when it is not "certain that the plaintiff cannot prove any set of facts in support of his claim" of jurisdiction, *Ramming*, 281 F.3d at 161, the Court proceeds to consider the merits of Defendant's Rule 12(b)(6) motion.

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) "based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Whitfield v. Am. Express Nat'l Bank*, No. SA-24-CV-00081-JKP, 2024 WL 1543236, at *1 (W.D. Tex. Apr. 9, 2024). With respect to the former, a complaint may be dismissed "if it lacks an arguable basis in law or fact:" *i.e.*, "if it relies on an indisputably meritless legal theory." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (citation omitted). With respect to the latter, a complaint may be dismissed if it lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007). Facial

---

[1] "[B]reach of contract and fiduciary duty claims . . . do not confer federal question jurisdiction." *Escobar v. All. Credit Union*, No. 5:23-CV-125-H-BQ, 2023 WL 8720903, at *4 (N.D. Tex. Nov. 30, 2023), *report and recommendation adopted*, No. 5:23-CV-125-H-BQ, 2023 WL 8720693 (N.D. Tex. Dec. 18, 2023).

plausibility requires sufficient factual allegations for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss for failure to state a claim, the Court accepts "all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 344 (5th Cir. 2013). However, the Court does not presume the veracity of "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citations omitted).

Plaintiff's Amended Complaint alleges that Defendant refused to accept "endorsed bill[s]" as payment toward his credit card debt and toward the balance on his car loan. (Docket Entry 7, at 4.) According to Plaintiff, Defendant's refusal "to accept this form of payment" constituted a "Breach Of Contract for Non-performance of fiduciary duties." (*Id.*) In his response to Defendant's motion to dismiss, Plaintiff confirms the basis of his grievance: that Defendant "is refusing . . . [his] indorsed [sic] payment" and "requiring him to use income to pay a bill," which he claims is "a violation of his consumer rights under a consumer credit transaction." (Docket Entry 24, at 2.) There, Plaintiff also argues that Defendant "is not performing their [sic] fiduciary duty as a trustee of . . . [his] accounts." (*Id.*)

The San Antonio Division of the Western District of Texas is no stranger to Plaintiff's argument that he could satisfy his debts and make payments using an "endorsed bill" of his own making, and that banks violated the law by requiring him to instead make payments using U.S. dollars. Plaintiff made the same arguments in a separate case brought against a different bank. *See Whitfield*, 2024 WL 1543236. In that case, an order dismissing his complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the District Court summarized Plaintiff's legal theory and factual allegations as follows:

> Whitfield alleges American Express improperly rejected an "endorsed bill" he submitted for satisfaction of his credit card debt. By rejecting this form of payment, Whitfield contends American Express breached a contract, presumably consisting of the parties' credit agreement, by failing to perform its fiduciary duties. In asserting this action, Whitfield contends the endorsed bill he presented is an equivalent to money that American Express is required to accept.

*Id.* at *1. In its analysis, the District Court explained that "[a] 'bill of exchange,' or an 'endorsed bill,' created by a private citizen cannot be used as legal tender in the United States." *Id.* at *2 (citing *Chavis v. T-Mobile US, Inc.*, No. A-23-CV-1513, 2024 WL 150734, at *4 (W.D. Tex. Jan. 11, 2024)). "Because an 'endorsed bill' is not legal tender," the Court explained, "a plaintiff cannot satisfy his obligations under [a] loan or credit agreement by submitting it as payment for the debt." *Whitfield*, 2024 WL 1543236, at *2 (collecting cases). Under the reasoning in Judge Pulliam's *Whitfield* decision, Plaintiff's breach-of-contract claim rests on "an indisputably meritless legal theory . . . lack[ing] an[y] arguable basis in law or fact." *Taylor*, 257 F.3d at 472.

Plaintiff's breach-of-fiduciary-duty claim here fares no better; as the District Court in *Whitfield* explained, a "credit card agreement cannot create a fiduciary duty to accept an unrecognized form of payment." 2024 WL 1543236, at *3. Just as a credit-card agreement creates no such duty, neither does an auto-loan agreement. Plaintiff's suggestion to the contrary, again, "lacks an[y] arguable basis in law or fact." *Taylor*, 257 F.3d at 472.

Because Plaintiff's claims are based on indisputably meritless legal theories, no amendment to his complaint could save them. *See Whitfield*, 2024 WL 1543236, at *3 ("Controlling authority and Whitfield's allegations reveal he cannot state a plausible cause of action. Therefore, amendment would be futile."). Leave to amend is appropriate "when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought." *Id.* at *2 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977)). Because Plaintiff's

claims rest on indisputably meritless legal theories, no amount of additional details can overcome the amended complaint's deficiencies.

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 13) is **GRANTED**; Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**SIGNED** on October 1, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge